**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
                                  )
UNITED STATES OF AMERICA,         )
                                  )
        v.                        )    Criminal Action No. 04-344 (RWR)
                                  )
WAYNE WATSON,                     )
                                  )
        Defendant.                )
                                  )
```

### MEMORANDUM OPINION

Defendant Wayne Watson is charged in a three-count
indictment with being a felon in possession of a firearm and
ammunition, possession with intent to distribute ecstasy, and
using, carrying, and possessing a firearm during a drug
trafficking offense.  Defendant moved to suppress physical
evidence recovered during a traffic stop, and the court denied
that motion after an evidentiary hearing.  Defendant now moves to
reopen the suppression hearing.  Because the defendant has not
demonstrated that reopening the suppression hearing concerning
the physical evidence is warranted, the defendant's motion has
been denied.

### BACKGROUND

Metropolitan Police Department Officers Teixeira and Dailey
stopped a car driven by defendant on May 28, 2004.  Dailey walked
up to the driver's door and retrieved defendant's identification.
Teixeira stood on the passenger side of the car while Dailey ran
an identification check.  As the officers later directed,

- 2 -

defendant got out of the car. Upon searching the area where
defendant had been seated, the officers found a weapon under the
floormat of the driver's seat. They arrested and searched the
defendant, finding money in his pockets. They also recovered a
bag with suspected narcotics from inside the car. Defendant was
indicted on July 27, 2004.

Defendant's previous counsel moved to suppress the physical
evidence recovered during the traffic stop. Teixeira testified
at the suppression hearing held on January 21, 2005. The court
credited Teixeira's testimony that Sergeant Wright, who was
watching an intersection, had radioed that defendant had run a
stop sign. (Mot. Tr. at 8-9.) The court found that probable
cause to believe that the defendant had committed a traffic
violation supported the traffic stop. (Mot. Tr. at 120-21.) The
court also found that the officers had at minimum a reasonable,
articulable suspicion that there may have been danger to them,
and could conduct a limited search in the area which the
defendant could have reached while he was seated in his car.
(Id. at 126-27.) This conclusion was based on Teixeira's
testimony that the defendant displayed nervousness; that the
defendant continually glanced over his right shoulder toward
Teixeira and away from Dailey who was having a discussion with
the defendant immediately to the defendant's left; that the
defendant was sweating profusely; and that he appeared to be

- 3 -

bending forward, reaching under his seat, and moving his right
arm forward.  (Id.)  In addition, the court found that the
officers had probable cause to arrest and frisk the defendant
after they recovered the handgun from the car.  (Id. at 127.)  At
the conclusion of this evidentiary hearing, defendant's motion to
suppress was denied.  (Id. at 128.)

Defendant, through new counsel, has now moved to reopen the
hearing on defendant's motion to suppress evidence.  (Def.'s Mot.
to Reopen the Hr'g on Def.'s Mot. to Suppress Tangible Evidence
("Def.'s Mot. to Reopen") at 1.)  Defendant seeks to question
Officer Dailey and further examine Teixeira to elicit facts that
defendant claims could impeach Teixeira's prior testimony.  (Id.
at 1-2.)  Specifically, defendant seeks to (1) cross-examine
Teixeira regarding the recovery of four cell phones from the car,
(2) cross-examine Teixeira regarding the view of the front seat
from the back and passenger side of the car, and the timing of
the warrant check, (3) question Dailey about the timing of the
warrant check and the source of information on the traffic
ticket, (4) present evidence that the front seat is not visible
from the rear of the vehicle where Teixeira allegedly viewed the
cell phone on the seat beside the defendant while Teixeira stood
behind the vehicle, (5) introduce a photo that shows the cell
phone charger plugged into the front console and hanging down
into the floorboard area, and the PD-81 police form, as

- 4 -

impeachment of Teixeira, if necessary, and (6) introduce cell
phone call records, if defendant could procure them, to show that
the timing of the stop in conjunction with the use of various
cell phones in the vehicle would corroborate the defendant's
testimony at the [January] hearing." (Def.'s Mot. to Reopen at
2.) Defendant also argues in his reply memorandum that his
counsel at the time conducted ineffective cross-examination.
(Def.'s Reply at 1.)

## DISCUSSION

A motion to reopen a suppression hearing is committed to the
sound discretion of the district court. See United States v.
White, 514 F.2d 205, 206 (D.C. Cir. 1975). The courts of appeals
have articulated various approaches to assessing a motion to
reopen a suppression hearing. The Third and Sixth Circuits have
broadly compared reopening suppression hearings to reopenings
generally. "A ruling on whether to reopen a suppression hearing
is governed by principles of jurisprudence that relate to
reopening proceedings, generally." United States v. Carter, 374
F.3d 399, 405 (6th Cir. 2004), judgment vacated on unrelated
grounds, 125 S. Ct. 1056 (2005). The Third Circuit has stated,
"'[C]ourts should be extremely reluctant to grant reopenings.'"
United States v. Kithcart, 218 F.3d 213, 219-20 (3d Cir. 2000)
(quoting United States v. Blankenship, 775 F.2d 735, 740 (6th
Cir. 1985)) (holding that district court erred in allowing the

- 5 -

government to reopen suppression hearing and relitigate
suppression motion, noting that the standard is analogous to the
question of whether the government may reopen its case after
resting).  The court in Kithcart explained:  "When faced with a
motion to reopen, the district court's primary focus should be on
whether the party opposing reopening would be prejudiced if the
reopening is permitted."  Id. at 220 (internal quotations and
citations omitted).

     When defendants have sought to have a suppression hearing
reopened based on alleged newly discovered evidence, the courts
of appeals have fashioned different standards based on the timing
of the motion for reconsideration.  For post-trial
reconsideration motions, the D.C. Circuit has applied the
standard used for a motion for a new trial on the basis of newly
discovered evidence.  See United States v. White, 514 F.2d 205,
207 (D.C. Cir. 1975).[1]  To obtain a new trial based on newly
discovered evidence, (1) the evidence must have been discovered
since the trial; (2) the party seeking to introduce the evidence
at a new trial must show due diligence in attempting to procure

---

[1]  In White, the defendant claimed as newly discovered
evidence testimony by a former policeman that would raise a
reasonable doubt as to the credibility of certain other police
officers.  The court held that there was no abuse of discretion
in denying the motion to reopen, since defendant failed to
subpoena the police officers and have them testify at the first
suppression hearing, which showed a lack of diligence, and the
testimony proffered was cumulative in nature.  514 F.2d at 207-
208.

- 6 -

the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) the evidence must be material to the issues involved; and (5) the evidence must be of such nature that it is likely to produce an acquittal. Thompson v. United States, 188 F.2d 652, 653 (D.C. Cir. 1951).

The Seventh Circuit has stated that courts should not apply the new trial standard as the test for whether a court should reopen a suppression hearing pretrial. United States v. Scott, 19 F.3d 1238, 1243 (7th Cir. 1994) ("A criminal case, once it is over, may only be retried under extraordinary circumstances. A suppression of evidence hearing is an entirely different kind of proceeding. There is no analogy between a request for a new criminal trial and the reopening of a preliminary proceeding of the type in this case.") (referring to the government's pre-trial request for reconsideration). Rather, the test should be whether a witness's credibility is directly called into question by the evidence the moving party - - in that case, the defendant - - seeks to introduce. See United States v. Duran, 957 F.2d 499, 505-06 (7th Cir. 1992); Scott, 19 F.3d at 1243.

In Duran, the trial court denied the defendant's motion to suppress. 957 F.2d at 501. The defendant unsuccessfully sought to reopen the hearing to permit him to undermine the credibility of a main witness, a detective involved in the case, by introducing evidence that the detective had committed physical

abuse in a different case.  Id. at 505.  The Seventh Circuit
stated that the defendant's argument might have had merit if (1)
the defendant alleged abuse in the current interrogation and the
judge had believed the detective's denial, or (2) the misconduct
was the type that directly called his credibility into question.
Id. at 505-06.  However, the court held that the defendant's
"vague claim" that the additional evidence would allow the
defendant to impeach the witness's credibility was insufficient,
and held that the district court properly refused to reopen the
suppression hearing.  Id. at 506.

     For a defendant's motion for reconsideration during trial,
the D.C. Circuit has said that if "[n]ew facts, new light on the
credibility of government witnesses, or other matters appearing
at trial may cast reasonable doubt on the pretrial ruling," the
trial court has a "duty" to reconsider the suppression issue.
United States v. Rouse, 359 F.2d 1014, 1015-1016 (D.C. Cir.
1966).  In Rouse, the government witness changed his testimony at
trial to be consistent with the other government witness.  This
new development, coupled with the original conflicting testimony
of the witnesses at the suppression hearing, gave the court of
appeals reason to remand the issue to the district court for
reconsideration.  Id.  See also, Masiello v. United States, 304
F.2d 399, 401 (D.C. Cir. 1962) (finding that the district court

- 8 -

erred when it denied defendant's request for reconsideration of a
motion to suppress where conflicting evidence emerged at trial).

In Naples v. United States, 382 F.2d 465 (D.C. Cir. 1967),
defendant's third trial elicited new evidence that called into
question the trial court's refusal to reconsider his motion to
suppress a confession. Id. at 468. The D.C. Circuit found that
the evidence was of such a "new and material character" that it
justified disregarding two earlier D.C. Circuit opinions
sustaining the confession's admissibility. Id.

During the pretrial stage, the Fifth Circuit has held, in an
unpublished opinion, that "[w]hile the district court has wide
discretion in determining when to reopen an evidentiary hearing,
it abuses its discretion" where it declines to reopen if "new
evidence creates a genuine factual dispute on an outcome
determinative fact." United States v. Mercadel, No. 02-30976, 75
Fed. Appx. 983 (5th Cir. July 1, 2003). In Mercadel, the
district court had denied the government's motion to reopen the
suppression hearing on alternative grounds. First, the district
court held that allowing the government to introduce additional
evidence would amount to a "second bite at the apple, not to be
allowed in the absence of any newly discovered evidence." Id.
(internal quotations omitted). Second, the district court said
that "the additional evidence the government sought to introduce
... would not likely change the Court's findings on the issue of

Case 1:04-cr-00344-RWR   Document 58   Filed 09/08/05   Page 9 of 13

- 9 -

the witnesses' credibility, which was based largely on observation of the witnesses and their demeanor." Id. (internal quotations omitted). The government argued that the district court should have applied a more liberal standard for ruling on the motion to reopen. Without deciding whether the standard the district court applied was correct, the Fifth Circuit found that the district court had not abused its discretion because the district court had found that the new evidence sought to be introduced would not affect its determination.[2] Id.

One unpublished Ninth Circuit case involved new defense counsel seeking during the pre-trial phase to reopen a suppression hearing held prior to his representation of the defendant, as is the case here. See United States v. Wallette, No. 95-30201, 94 F.3d 654, 1996 WL 468648, at *2 (9th Cir. Aug.

---

[2] When the government seeks pretrial to reopen a suppression hearing, the Seventh and Ninth Circuits allow reconsideration of a suppression order where a subsequent revelation suggests that the evidence was lawfully obtained and puts the court's original ruling in doubt, and the reconsideration request was not a result of purposeful delay by the government and would not prejudice the defendant. United States v. Rabb, 752 F.2d 1320, 1323 (9th Cir. 1984); United States v. Regilio, 669 F.2d 1169, 1177 (7th Cir. 1984); Scott, 19 F.3d at 1242-43 (holding that a witness's request to recant her testimony, combined with the magistrate's assessment that the witness made a mistake, called the witness's credibility into question and therefore was a sufficient basis to reopen the hearing). See also United States v. Bayless, 201 F.3d 116, 131 (2nd Cir. 2000) (noting the Ninth Circuit's rejection in Rabb of the justification requirement discussed infra, n.3). But see United States v. Scott, 524 F.2d 465, 467 (5th Cir. 1975) (holding that it is within the judge's discretion to reconsider suppressed evidence in the absence of new issues or evidence).

16, 1996). In <u>Wallette</u>, the defendant's first court-appointed
counsel filed a motion to suppress evidence, which was denied.
The defendant then obtained new counsel who filed a second,
untimely motion to continue the trial and to reopen the
suppression hearing, arguing that first counsel had failed to
include several important arguments in the first motion. The
Ninth Circuit stated that "[t]he district court abuses its
discretion if it declines to reconsider when several new issues
have become relevant since the time of its original ruling." <u>Id.</u>
at *3. "Wallette's counsel may have formulated new strategies,
but no change in circumstances gave rise to new issues between
the time the court denied the motion to suppress and its refusal
to reconsider that denial." <u>Id.</u> <u>See also</u>, <u>Carter</u>, 374 F.3d at
405 (holding that in order to reopen the suppression hearing, the
defendant must supply a reasonable explanation for its failure to
present evidence so that the trial court can evaluate whether it
is reasonable and adequate to explain the failure).[3]

---

[3] Even when the government seeks to reopen a suppression
hearing, courts have used a similar standard. Both the D.C.
Circuit and Third Circuit have suggested that where the
government is asking to reopen a suppression hearing, it must
provide a reasonable explanation for its failure to present its
proffered evidence initially at the first suppression hearing.
<u>See</u> <u>Kithcart</u>, 218 F.3d at 219-20 (holding that the district court
erred in allowing the prosecution, on remand, to reopen the
record and present additional testimony, due to the "total
absence of any explanation for why such evidence was not produced
during the first suppression hearing"); <u>McRae v. United States</u>,
420 F.2d 1283, 1289 (D.C. Cir. 1969) (holding that "relitigation
of the suppression order issued before trial was improper" where

Under each of these standards, the defendant has failed to
demonstrate that reopening the hearing is warranted.  Defendant
has presented no evidence that is new or was unobtainable before
the original suppression hearing was held, nor has defendant
articulated any new issues that have become relevant since the
original ruling that warrant exploration.  Defendant advances
additional cross-examination and questioning not pursued by prior
counsel that he claims could impeach the testifying officer.
However, none of the questions advanced is likely to undermine
the court's conclusion that a sergeant alerted the officers that
defendant ran a stop sign and the officers lawfully stopped
defendant, or that defendant was nervous, was sweating profusely,
and appeared to reach under his seat before they took defendant
out of the car.  Furthermore, all of these questions could have
been suggested by the evidence at the first hearing.  The
questions reflect defendant's new counsel's different strategic
choices about questioning witnesses, which is insufficient to
warrant reopening a hearing.  Moreover, prior counsel's cross-
examination certainly did not reflect ineffectiveness.  <u>See,</u>

---

"the Government merely proposed, at best, to allow [the officer]
to elaborate upon his earlier testimony, without the slightest
explanation why elaboration was necessary").  "In order to
properly exercise its discretion the district court must evaluate
that explanation and determine if it is both reasonable, and
adequate to explain why the government initially failed to
introduce evidence that may have been essential to meeting its
burden of proof."  <u>Kithcart</u>, 218 F.3d at 220.

- 12 -

e.g., <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984) (holding

that to succeed on an ineffective assistance counsel claim,

"[t]he defendant must show that there is a reasonable probability

that, but for the counsel's unprofessional errors, the result of

the proceeding would have been different"); <u>United States v.

Geraldo</u>, 271 F.3d 1112, 1116 (D.C. Cir. 2001) ("The defendant

bears the burden of proving that his lawyer made errors 'so

serious that counsel was not functioning as the "counsel"

guaranteed by the Sixth Amendment' and that counsel's deficient

performance was prejudicial.").  Prior defense counsel

persistently and vigorously questioned Teixiera, pointing to

inconsistencies and prodding him about the inconsistencies in an

attempt to impeach his credibility.  (Tr. at 39-70.)  Lastly,

there is no suggestion that Teixiera committed perjury or that

declining to reopen the motions hearing would be a miscarriage of

justice.  Nothing suggests that giving defendant a "second bite

at the apple" is in the interests of justice.

### CONCLUSION

Because defendant has not demonstrated that reopening the

suppression hearing is warranted or in the interests of justice,

defendant's motion to reopen the suppression hearing regarding

the physical evidence seized [39] has been denied.

- 13 -

SIGNED this _7th_ day of _September_ , 2005.

/s/
_____
RICHARD W. ROBERTS
United States District Judge