**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | Criminal Action No. 04-344 (RWR) |
| ) | |
| **CARROLL WASHINGTON,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Carroll Washington (also known as Wayne Watson) was sentenced in 2006 after a jury found him guilty of unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1), and unlawful possession with intent to distribute ecstacy, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He has now filed a motion to vacate his conviction under 28 U.S.C. § 2255 and a motion to appoint counsel. Because the interests of justice do not require appointment of counsel under the circumstances presented here, the defendant's motion to appoint counsel will be denied.

### BACKGROUND

In 2004, Metropolitan Police Department Officer Teixiera and another officer stopped Washington's car and searched it. The officers found a weapon under the floormat of the driver's seat and a bag with suspected ecstacy inside the car. United States v. Watson, 391 F. Supp. 2d 89, 90 (D.D.C. 2005). Washington was charged in a three-count indictment with being a felon in

possession of a firearm and ammunition, possessing with intent to distribute ecstacy, and using, carrying, and possessing a firearm during a drug trafficking offense. Washington moved to suppress the physical evidence recovered during the stop. The motion was denied upon a finding that there was probable cause for the officers to conduct a traffic stop and reasonable suspicion to conduct a limited search for weapons. New counsel was appointed and moved to reopen the suppression hearing. That motion was also denied. Id. at 95. A jury found Washington guilty of the felon in possession of a firearm and ammunition charge and the ecstacy charge. Washington appealed his conviction on the sole ground that the search of his car violated the Fourth Amendment, and the D.C. Circuit affirmed his conviction. United States v. Washington, 559 F.3d 573, 576, 578 (D.C. Cir. 2009). Washington now moves to vacate his conviction under 28 U.S.C. § 2255, arguing that Officer Teixiera coerced his confession and that he received ineffective assistance of counsel from his two attorneys, Jonathan Jeffress and Jennifer Wicks. (Mot. to Vacate, Dkt. # 122 at 5-6.) He has also moved to appoint counsel to assist him in pursuing his claims.

## DISCUSSION

There is no constitutional right to appointment of counsel in habeas proceedings. Brown v. Cameron, 353 F.2d 835, 836, n.1 (D.C. Cir. 1965). However, a court may appoint counsel for a

§ 2255 petitioner if the interests of justice so require. 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2); see also In re Kirkland, No. 01-3010, 2001 WL 476183, at *1 (D.C. Cir. Apr. 13, 2001) (denying appointment of counsel in a § 2255 case because the "interests of justice [did] not warrant appointment of counsel"). To determine whether appointing counsel is in the interests of justice, a court must consider 1) the petitioner's likelihood of success on the merits, 2) the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved, and 3) the factual complexity of the case and whether the petitioner has the ability to investigate undeveloped facts. See United States v. Waite, 382 F. Supp. 2d 1, 2 (D.D.C. 2005) (noting that the D.C. Circuit has not interpreted the interests of justice standard in the context of a § 2255 petitioner and surveying other circuits' approaches); see also United States v. Campbell, Criminal Action No. 92-213 (TFH), 2006 WL 997827, at *2 (D.D.C. Apr. 17, 2006). A petitioner is unlikely to succeed on the merits if he has raised previously and unsuccessfully identical claims. Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001).

Washington is unlikely to succeed on the merits of his claims. Any argument that Officer Teixiera coerced Washington's confession is likely procedurally barred, as Washington could have raised this issue at trial or on direct appeal but failed to

do so.  See Hodges v. United States, 282 F.2d 858, 863 (D.C. Cir. 1960) (stating that while "a conviction by the use of a coerced confession rests upon fundamental error[,] [t]he usual way to seek correction is by appealing from the conviction[,]" and failure to take that course typically precludes a collateral attack on that basis).  Washington's arguments that he received ineffective assistance of counsel because Jeffress failed to make a suitable record or to impeach adequately Officer Teixiera at the suppression hearing are unlikely to succeed on the merits since those arguments already have been rejected.  See Watson, 391 F. Supp. 2d at 94-95 (rejecting Washington's argument that Jeffress' strategic choices reflected ineffectiveness and noting that no additional cross examination could have changed the Court's conclusion that Officer Teixiera's testimony was credible with respect to the facts that justified the search of Washington's car).  Finally, Washington's argument that he received ineffective assistance of counsel because Wicks failed to call Officer Teixiera at trial to impeach his credibility is unlikely to succeed on the merits.  Washington has made no plausible factual showing supporting his conjecture about successful impeachment or demonstrating that such testimony would have had any effect on the admissibility of the firearm and ecstacy discovered during the search.  See Washington, 559 F.3d at 575 (concluding that the search of Washington's car did not

violate the Fourth Amendment). Washington is therefore unlikely to be able to show that he suffered prejudice from Wicks' failure to call Officer Teixiera. See Strickland v. Washington, 466 U.S. 688, 694 (1984) (holding that to succeed on an ineffective assistance of counsel claim, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Nor does Washington's motion allege that any further fact investigation is necessary. And, even if the absence of citations to legal authority in Washington's standard § 2255 form suggests that aid articulating his legal claims might assist him, cf. Waite, 382 F. Supp. 2d at 2 (noting that the defendant was a college graduate and that her § 2255 motion cited legal authority and articulated lucidly supporting arguments for her claim), the other factors weigh against appointing counsel here. The interests of justice do not require appointment of counsel under the circumstances. See 18 U.S.C. § 3006A(a)(2).

## CONCLUSION AND ORDER

Because the interests of justice do not warrant appointment of counsel to assist petitioner in filing a § 2255 motion, it is hereby

ORDERED that the defendant's motion [124] for appointment of counsel be, and hereby is, DENIED. It is further

ORDERED that the government file by June 6, 2011 a response to the defendant's § 2255 motion.

SIGNED this 5th day of May, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge